**Earl HOLLAND et al., Appellants,**

v.

**Avery FLORA et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 9, 1955.

J. D. Buckman, Jr., Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellants.

Philip Hargett, Maysville, for appellees.

CAMMACK, Judge.

This is an appeal from a judgment which permanently enjoined the appellants, Earl Holland and Lawrence Williams, Conservation Officers of the State, from interfering with the operation of a fish pond, "pay lake," owned by the appellees, Avery Flora and Lucille T. Flora. The appellants had visited the property of the appellees for the purpose of checking the fishing licenses of patrons engaged in fishing there. On one occasion they had arrested two fishermen who did not possess Kentucky fishing licenses. Following that incident, the appellees brought this action to enjoin any further interference with the operation of their "pay lake."

The lake covers approximately three acres of land in Mason County. It is an artificial lake, having been excavated by the appellees on their own land. It has no inlet or outlet connected with any watercourse, and is filled entirely with surface water drained from the lands of the appellees. The fish in the lake were purchased by the appellees outside the State and were brought into Kentucky by them. No public funds were involved in the transaction and the fish had not been a part of the wildlife of Kentucky until they were put in the lake; if they did then so become.

The appellees operate the lake as a business enterprise and charge each patron one dollar for each day he fishes in the lake. They execute a written contract, termed a "lease," in which the patron is referred to as a lessee. The property covered by the "lease" is the "necessary ground for fishing purposes at * * * (the) pond."

The trial court concluded that the lake was strictly a private business having no connection with the wildlife resources or public waters of Kentucky. He concluded that the game and fish laws have no application to this property. He enjoined permanently the Conservation Officers from entering the premises for the purpose of checking for violations of those laws. The appellants contend that the game and fish laws require a person who fishes in private waters to have a State fishing license, and therefore Conservation Officers have the right to go upon private property to check observance of those laws.

 In Draffen v. Black, 302 Ky. 775, 196 S.W.2d 362, we held that fishing licenses are required of those who fish in private ponds as well as those who fish in the public waters of the State. KRS 150.-170(1) expressly provides that one purpose of the game and fish laws is to prohibit angling "in any stream or body of water, whether public or private," without first procuring the license required by statute. In the Draffen case we held that those laws did not run afoul of the Constitution by regulating private waters as well as public. We recognized that regulation of the wildlife of the State was a matter concerned with the general welfare and therefore properly within the scope of the police power. We pointed out that effective control could be had only if private waters were regulated also, because, to hold otherwise, the difficulties of enforcement would be insurmountable. We concluded that, under its police power, the State could regulate the private property in question to the extent necessary to produce effective enforcement of the wildlife laws relating to public property. The Draffen case is controlling on the question at issue herein.

The appellees further contend that their patrons are expressly excluded from the license requirements of the statute by KRS 150.170(3), which exempts "resident landowners, and resident children and lessees on their land." The "lease" which appellees have prepared for their patrons is an obvious attempt to evade the requirements of the statute. Even if the contract could be treated properly as a lease, it would not exempt the patrons from the license requirements because the exclusion has reference to resident lessees or lessees on the land of the resident landowner. The patrons of the appellees' business, even if they are true lessees, are not sufficiently connected with the land of the appellees to come within the purview of the exclusionary provision of the statute.

The judgment is reversed, with directions to set it aside, and for the entry of a judgment consistent with this opinion.